UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
United States of America,

                    Plaintiff,     CV-98-6756 (CPS)

    - against -

Maurice Burnette,                           MEMORANDUM OPINION AND

                    Defendant.    ORDER

------------------------------------X

SIFTON, Senior Judge.

In 1998, the government brought this action against defendant Maurice Burnette to recover student loans on which he allegedly defaulted. Default judgment was entered in favor of the government in 2000. Defendant now brings this motion to vacate the judgement in the amount of $4,075.06 plus interest from the date of judgement. The judgment remains unpaid. For the reasons set forth below, the motion is denied.

## Background

The following facts are taken from the submissions of the parties and oral arguments heard in connection with this motion. Disputes are noted.

In 1998, the government filed an action against the defendant for defaulting on his student loans.[1] The defendant

---

[1] The government was originally represented in this action by the law firm of Sharinn & Lipshie, P.C. In January 2005, the law firm of Solomon and Solomon, P.C. replaced Sharinn & Lipshie.

answered the government's complaint on April 5, 1999.[2] An initial conference was set before Magistrate Judge Go for August 6, 1999 but neither party attended and a new conference was set for August 19, 1999. At that conference, the defendant appeared an hour late, after the plaintiff had already been excused by the Magistrate Judge. On August 23, 1999, the Magistrate Judge rescheduled the initial conference for September 13, 1999. Defendant again failed to appear. On September 17, 1999, Magistrate Judge Go sanctioned the defendant $50.00 and directed the defendant to provide the Court with a statement by October 18, 1999 explaining why he failed to appear for the previous status conferences. In that order, Magistrate Judge Go also warned the defendant that failure to submit a status report, an adequate explanation for his failure to appear or timely payment of the penalty would result in a recommendation of default. On February 23, 2000, Magistrate Judge Go, having received no response from the defendant, issued a Report and Recommendation that a default judgment be entered in favor of the plaintiff. On March 27, 2000, the undersigned adopted that Report and Recommendation, and directed the Clerk of the Court to note the default; plaintiff was also instructed to submit a proposed judgment. A copy of the Court's order was mailed to the

---

[2] The answer was due on February 23, 1999.

defendant by the Clerk but returned to sender on April 24, 2000.[3]
Plaintiff submitted a proposed judgment on May 1, 2000 and
default judgment was entered in favor of the plaintiff on May 18,
2000 for $4,075.06[4] plus interest "at the legal rate in effect on
the date of the judgment."

Six years later, on August 14, 2006, the defendant filed the
current motion pro se. According to the defendant, at the time
of the original action he was in recovery from "full blown AIDS"
and "making life adjustments to HIV" and "95% of times . . . [he
was unable] to follow-up on most issues affecting [his] daily
life" as he was experiencing serious side effects from his
medication. During this period of time he was also evicted and
changed addresses several times and at some point he moved from
the address appearing on his answer and left no forwarding
address.

**Discussion**

Since the defendant in this case is proceeding pro se, there
is an obligation to "liberally construe . . . [the] pleadings to
raise the strongest argument they might suggest." *U.S. v.*

---

[3] No other communications mailed by the Clerk to the defendant at the address set forth on his answer were returned to sender.

[4] That amount was calculated based on the principle of the loan ($2,643.16) plus the interest accrued on the loan ($1,431.90). No money was awarded for costs or attorney's fees.

*Estrada,* 2006 WL 3050886, at *1 (E.D.N.Y. 2006) (discussing application of rule 60(b) motions to vacate judgment) (internal citations and quotations omitted).

A motion to set aside a default judgment is governed by Federal Rule of Civil Procedure 60(b) which reads:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

The rule further states that "[t]he motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

A motion to vacate under Rule 60(b) is "addressed to the sound discretion of the district court and [is] generally granted only upon a showing of exceptional circumstances." *Mendell, on Behalf of Viacom, Inc. V. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990); *see also First Fidelity Bank, N.A. v. Gov't of Antigua & Barbuda*, 877 F.2d 189, 196 (2d Cir. 1989) (noting that a motion

under Rule 60(b)(6) is appropriate only under "extraordinary circumstances"). "Evidence in support of the motion to vacate a final judgment [must] be highly convincing." *Kotlicky v. United States Fidelity Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987); *see also Raposo v. U.S.*, 2005 WL 292750, at *2 (S.D.N.Y. 2005) (noting that the "highly convincing" requirement also applies to pro se litigants).

A defendant's severe illness at the time of the default may be sufficient for a finding of "excusable neglect" under Rule 60(b)(1). *See Carcello v. TJX Companies, Inc.*, 192 F.R.D. 61, 64 (D.Conn. 2000) ("In determining whether the default is excusable neglect, the court may consider a movant's severe illness"). However, the defendant is plainly time-barred from raising a claim under Rule 60(b)(1) since it has been more than a year since judgment was entered in this case. *See Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000) (the one year "limitations period is 'absolute'")

Rule 60(b)(6) "applies if the reasons offered for relief from judgment are not covered under the more specific provisions of Rule 60(b)(1)-(5)." *Warren v. Garvin,* 219 F.3d 111, 114 (2d Cir. 2000); *see also Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 863 n. 11 (1988) ("Rule 60(b)(6) . . . grants federal courts broad authority to relieve a party from a final judgment . . . provided that the motion . . . is not premised on

one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)"). However, "Rule 60(b)(6) may not be used to circumvent the 1-year limitations period that governs Rule 60(b)(1), (2), and (3)." *Warren*, 219 F.3d at 114. Where a defendant has made an argument for "excusable neglect" which is barred by the statute of limitations, Rule 60(b)(6) is generally unavailable as a means to vacate judgment. However, where a party has failed to file a motion to vacate within the limitations period due to a failure of notice, courts have allowed the motion to proceed under Rule 60(b)(6). *See Savitz v. G. D. Searle & Co.,* 94 F.R.D. 669, 671 (E.D.N.Y. 1982) (allowing a motion to vacate to proceed under 60(b)(6) even though the more than a year had passed after judgment since attorney claimed to have never received notice of court's dismissal and noting that "the circumstances presented when a party does not receive notice of an order of dismissal may in some instances require a tempering of the harshness of the rule, and give a court discretion to treat the motion to vacate as arising under subdivision (6) of Rule 60(b) which imposes only the 'reasonable time' requirement"); *Radack v. Norwegian America Line Agency, Inc.*, 318 F.2d 538, 542 (2d Cir. 1963) ("the circumstances of lack of notice of the dismissal acts as a bar to the efficacious operation of subsections (1), (2) and (3)"). In this case, since the notice of the order awarding default judgment on March 27,

2000 was returned to the Court, it appears that the defendant was never notified of the entry of default. Accordingly, resort to Rule 60(b)(6) may be appropriate. However, for the reasons discussed below, the motion must nevertheless be denied.

In addition to determining whether the motion was made in a "reasonable time," as required by Rule 60(b), courts evaluating motions to vacate default judgments must consider: "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998).

a) Timeliness

Between the date the judgment was entered and the date this motion was filed, six years have passed. While the defendant apparently did not receive notice of the default judgment against him, and has explained his default by alleging that his illness prevented him from defending his case, he has nowhere explained why he waited six years to file this motion to vacate. Nothing in the defendant's submissions indicates that his illness continued to prevent him from filing this motion for the last six years or otherwise excuses such a significant delay. As such,

this motion does not appear to have been filed within a "reasonable time." *See Rodriguez v. Mitchell,* 252 F.3d 191, 201 (2d Cir. 2001) (motion filed pro se after a three and a half year delay was not timely); *Spinelli v. Secretary of Dept. of Interior,* 2006 WL 2990482, at *4 (E.D.N.Y. 2006) (even though plaintiff's attorney had been ill at the time of the original proceedings, there was no justification for a delay of 2 years from the time of those original proceedings until the filing of the motion where there was no sufficient showing as to why some request for relief had not been sought earlier). However, even if this motion was timely, it still fails since it does not meet the standard for "extraordinary circumstances."

b) Willful Conduct, Meritorious Defense & Prejudice

While conduct which is "egregious and . . . not satisfactorily explained" has been found to be "willful," in the context of default judgments, conduct that is "merely negligent or careless" is not "willful." *McNulty,* 137 F.3d at 739 (finding conduct "willful" where a lawyer, for unexplained reasons, failed to file an answer to a complaint and ignored repeated warnings from plaintiff that he would seek default judgment if there was no response). At the same time, "the degree of negligence in precipitating a default is a relevant factor to be considered." *New York v. Green*, 420 F.3d 99, 108 (2d Cir. 2005).

The defendant's conduct in the present case appears to have been primarily the result of circumstances beyond his control. He has stated that he was too ill to respond to the Magistrate Judge's orders and, due to his eviction and frequent moves, he may never have received the scheduling order of August 23, 1999 and the September 17, 1999 order regarding the status report and warning of default. While defendant, who was clearly aware of the litigation,[5] should have at least made an effort to contact the Court to update his address or inform the Magistrate Judge of his situation, his failure to do so may be excusable under the circumstances of his illness. *See Aetna Life Ins. Co. v. Licht,* 2004 WL 2389824, at *4 (S.D.N.Y. 2004) (neglect due to illness is excusable).

That said, the defendant has entirely failed to present a "meritorious defense" in this case, which is "a key factor in the Rule 60(b) analysis." *Green,* 420 F.3d at 109. To show that he has a meritorious defense, the defendant "need not establish his defense conclusively" but must at least "present evidence of facts that, if proven at trial, would constitute a complete defense." *McNulty,* 137 F.3d at 740 (internal citations and quotations omitted). Even when the party bringing the motion is proceeding pro se, "the absence of a meritorious defense is

---

[5] As noted above, he did file an answer, though it was untimely, and did appear before the Magistrate Judge, although he was an hour late.

sufficient to support the denial of defendant's Rule 60(b) motion." *Estrada*, 2006 WL 3050886, at *1. In this case, the defendant has done nothing more than explain the reasons for his failure to appear at the original proceedings and request that he be given a "second chance."[6] Neither his filings in connection with this motion nor his statements at oral arguments on this motion presented factual or legal reasons why, should this case go to trial, he would succeed in reducing, in part or in full, the amount he allegedly owes for his defaulted loans.[7] In short, the defendant has not presented a meritorious defense.

It should be noted that there does not appear to be any prejudice to the plaintiff, nor has any been claimed. *See Green*, 420 F.3d at 110 ("prejudice" to the nondefaulting party must be more than delay alone and examples of prejudice include delay which "may thwart plaintiff's recovery or remedy . . . . [or] result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion") (internal citations and quotations omitted). However, even without prejudice to the nondefaulting party, the

---

[6] The defendant states in his motion papers that the burden of the judgment against him is "preventing [him] from having a future" and makes him "unable to live a productive life," resulting in his being a "liability to society."

[7] In response to my question as to whether the defendant had any "legal defense . . . to this underlying action," defendant repeated what he stated in his papers, responding that "it's a combination of both the amount, and somewhat justification because of my HIV status." Transcript of Oral Argument at 4, U.S. v. Burnette, CV-98-6756.

failure to present a meritorious defense is sufficient to deny the motion. *See State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada,* 374 F.3d 158, 174 (2d Cir. 2004); *Estrada,* 2006 WL 3050886, at *1.

In weighing these factors, I conclude that they do not present sufficiently "exceptional circumstances" to warrant vacating the judgment of default.  The motion to vacate the default judgment is accordingly denied.

**Conclusion**

The Clerk is directed to transmit a copy of the within to all parties.

SO ORDERED.

Dated:    Brooklyn, New York
          January 22, 2007

          By:   <u>/s/ Charles P. Sifton (electronically signed)</u>
                United States District Judge